(C. D. 354)

M. A. KATZ & Co. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 14, 1940)

*Philip Stein* for the plaintiffs.

*Webster J. Oliver*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: The merchandise covered by these protests consists of certain rugs and mats which were assessed for duty under paragraph 1021 of the Tariff Act of 1930 as floor coverings not specially provided for at the rate of 40 per centum ad valorem. The protests claim the merchandise dutiable at 35 per centum ad valorem under either paragraph 921 of said act as "all other floor coverings, including carpets, carpeting, mats, and rugs, wholly or in chief value of cotton," or under paragraph 1021 as "carpets, carpeting, mats, matting, and rugs, wholly or in chief value of flax, hemp, or jute, or a mixture thereof," and protest 840419–G also claims the merchandise dutiable at 3 cents per square yard under paragraph 1021 as "common China, Japan, and India straw matting, and floor coverings made therefrom."

Both protests have been amended under section 518 of the Tariff Act of 1930, and Rule 9 (2) of this court, so as to make the further claim that "the merchandise is dutiable at 25 per centum ad valorem under paragraph 1537 of said act," which, so far as relevant, reads as follows:

PAR. 1537. (a) Manufactures of bone, chip, grass, sea grass, horn, quills, palm leaf, straw, weeds, or whalebone, or of which these substances or any of them is the component material of chief value, not specially provided for, 25 per centum ad valorem; * * *. The terms "grass" and "straw" mean these substances in their natural state and not the separated fibers thereof.

At the hearing counsel for the plaintiffs waived all other claims except that under said paragraph 1537, at which time it was also stipulated and agreed between counsel herein "that the merchandise in question consists of twisted sea grass rugs, inlaid straw mats, and rush rugs, and that the grass or rush of which they are composed, is in its natural state and not the separated fibers thereof." Counsel for the Government further conceded that the merchandise is in chief value of sea grass in the condition stated.

Paragraph 1021 under which the merchandise was assessed for duty reads as follows:

PAR. 1021. Common China, Japan, and India straw matting, and floor coverings made therefrom, 3 cents per square yard; carpets, carpeting, mats, matting, and rugs, wholly or in chief value of flax, hemp, or jute, or a mixture thereof, 35 per centum ad valorem; all other floor coverings not specially provided for, 40 per centum ad valorem.

On the record as thus presented the issue for our determination is whether the provision of said paragraph 1021 for "all other floor coverings not specially provided for," under which the merchandise was classified, is more specific than the provision in paragraph 1537 (a) for "manufactures of   *   *   *   sea grass,   *   *   *   or of which these substances or any of them is the component material of chief value, not specially provided for, 25 per centum ad valorem," under which the merchandise is claimed dutiable by the plaintiffs.

It will be seen from the above-contrasting provisions that one is a designation by use, and the other a general provision covering certain "manufactures" according to the component material of chief value. In this connection it has been held that a designation of an article by use will control over an *eo nomine* or descriptive provision. *Magone* v. *Heller*, 150 U. S. 70; *United States* v. *Boker*, 6 Ct. Cust. Appls. 243, T. D. 35472. Also that a designation of an article by use will prevail over a tariff provision simply according to material or composition. *United States* v. *Faber*, 16 Ct. Cust. Appls. 467, T. D. 43211. Another well-known rule of construction in customs jurisprudence is that, when articles are provided for in tariff acts according to use, it is the chief use that controls. *Meyer* v. *Cadwallader*, 89 Fed. 963.

In the present instance, while the said rugs and mats are concededly in chief value of sea grass in its natural state, etc., they were however classified as floor coverings not specially provided for, which of course carries with it the presumption that they were chiefly used as such. So, if there is no testimony to the contrary, the provision of said paragraph 1021 for "floor coverings not specially provided for" would seem to be more specific than that of said paragraph 1537 (a) for manufactures wholly or in chief value of sea grass not specially provided for, as applied to the imported merchandise under the rules of construction above referred to.

The plaintiffs, however, in support of their contention that the provision for manufactures of sea grass not specially provided for should prevail over that for "all other floor coverings not specially provided for," cite Abstract 30412 (67 Treas. Dec. 1173); Abstract 26219 (64 Treas. Dec. 1118); *Masson* v. *United States*, T. D. 43640 (56 Treas. Dec. 363); Abstract 32848 (68 Treas. Dec. 1181); and Abstract 35851 (71 Treas. Dec. 1102).

In *Masson* v. *United States, supra,* certain mats in chief value of raffia were held dutiable as manufactures in chief value of palm leaf, under paragraph 1439 of the Tariff Act of 1922, at 25 per centum ad valorem. Those mats, however, according to the appraiser's report, were chiefly used for decorative purposes, and no claim as floor coverings was made.

In Abstract 26219, decided by Division One of this court, certain merchandise invoiced as grass mats, and shown by the appraiser's

report to be in chief value of palm leaf, were held dutiable as manufactures in chief value of palm leaf under paragraph 1537 (a) of the Tariff Act of 1930. Judge Brown, however, in a dissenting opinion, while concurring in the holding that the merchandise there involved was not covered by paragraph 1518, as assessed, stated as follows:

However, I think this is a class of case which can be determined upon the sample itself, which upon its face is a mat floor covering. I therefore feel constrained to hold that it should be classified under paragraph 1021 as "floor covering," as claimed alternatively in the protest, which seems plainly to be narrower than the general expression "manufactures, in chief value of palm leaf" in paragraph 1537.

The protest in that case, however, had been submitted for decision simply on the official sample, and there was no testimony whatever as to the chief use of the merchandise as a floor covering or otherwise. But from the fact that the merchandise was held dutiable as a manufacture in chief value of palm leaf on authority of the *Masson* case, *supra*, it must be presumed that the majority of said Division One of this court considered the merchandise as for decorative purposes, and not as a floor covering.

In said Abstract 30412 certain mats made of palm leaf in simulation of grass, some of which, according to the testimony, were used for "decorating on the floor and sides of store windows and around golf courses," but the principal use of which was "in connection with burials in cemeteries," were held dutiable as manufactures in chief value of palm leaf under paragraph 1537 (a) of the Tariff Act of 1930, on authority of Abstract 26219, *supra*.

In Abstracts 32848 and 35851, cited *supra*, certain so-called grass mats were again held dutiable as manufactures in chief value of palm leaf under said paragraph 1537 (a) of said act of 1930, on stipulations showing the merchandise to be of the same character as those the subject of Abstract 30412, *supra*.

It will be seen from all of the above-cited cases that the so-called imitation grass mats there in question, made in chief value of palm leaf, were shown to be used or chiefly used for other purposes than as floor coverings, and therefore can have no application or controlling effect herein.

In the present instance, as already stated, the rugs and mats, while concededly in chief value of sea grass in its natural state, etc., were classified and assessed for duty as floor coverings not specially provided for, under said paragraph 1021 of said act of 1930. No sample of the merchandise is before us or has been put in evidence, nor has any testimony been introduced by plaintiffs to overcome the presumption of correctness attending the collector's action, or to show that the said rugs and mats are in fact not chiefly used as floor coverings.

On the record it follows that the protests herein must be, and hereby are, overruled. Judgment will be rendered accordingly.